**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4052
_____

GUY WILLIAMS,

Appellant

v.

TRENTON POLICE DEPARTMENT; CITY OF TRENTON;
OFFICER KENNETH LUGO, individually and in his official capacity as a
police officer for the City of Trenton; JOHN DOES, 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-11-cv-06352)
District Judge:  Honorable Michael A. Shipp

_____

Submitted under Third Circuit LAR 34.1(a)
on June 6, 2014

Before:  HARDIMAN, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 23, 2015)

_____

O P I N I O N*

_____

**ROTH**, Circuit Judge:

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Guy Williams appeals the District Court's grant of summary judgment to defendants City of Trenton, Trenton Police Department, and Detectives Kenneth Lugo and Sheehan Miles and subsequent denial of a motion for reconsideration. For the following reasons, we will affirm the judgment of the District Court.

## I. Background

Williams filed this suit under 42 U.S.C. § 1983, seeking damages for alleged violations of the Fourth Amendment by Trenton police detectives, who arrested and detained Williams on the anonymous tip of a Confidential Informant (CI). On May 2, 2009, Detective Miles received a tip from a CI that a suspect matching a certain description was walking with a gun at a specific location. After Miles relayed this information to Detective Lugo, as well as an update based on a second call from the CI, Lugo and Detective Franicevich spotted Williams entering a nearby restaurant and noted that he matched the description exactly. The detectives led Williams out of the restaurant and frisked him, at which point he volunteered that a gun was in his pocket. After the detectives found a .22 caliber pistol, Williams was charged with Unlawful Possession of Weapons (handgun) in violation of  N.J. Stat. Ann. 2C:39-5B and Certain Persons Not To Have Weapons (Felon) in violation of  N.J. Stat. Ann. § 2C:39-7B.

In his deposition for this case, Williams stated that on the night of the arrest, he immediately knew the identity of the CI and told the police that same night that they would never secure a conviction because the CI was not reliable enough to establish probable cause. At the time of his criminal trial, Williams filed a motion to suppress on this basis. The trial judge held a suppression hearing on April 11, 2011, granting

Williams's motion. Lacking other evidence, the prosecutors dropped the charges shortly thereafter.

On October 28, 2011, Williams filed this action, raising various civil rights claims under Section 1983 and the New Jersey state constitution. Defendant moved for summary judgment, arguing, *inter alia*, that the suit is time-barred. The District Court granted summary judgment to defendants solely on statute of limitations grounds. Because that issue was dispositive, the court did not reach defendants' other arguments. Williams now appeals that ruling.

**II. Discussion**

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In New Jersey, Section 1983 actions must be brought "within two years of the accrual of the cause of action." *Id.* at 126-27. The same is true of New Jersey state constitutional actions. *Cf. Montells v. Haynes*, 133 N.J. 282, 295 (1993); *see also Hawkins v. Feder*, A-4004-10T2, 2012 WL 5512460 (N.J. Super. Ct. App. Div. Nov. 15, 2012).

The limitations period in a Section 1983 action "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). In cases of wrongful arrest, where that arrest is followed by criminal proceedings, the statute "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). For Williams, this means that the statute on

3

his wrongful arrest claim began to run on May 2, 2009, the night he was arrested and jailed. As he filed this action on October 28, 2011, it is time-barred.

Williams makes two related arguments on appeal. First, while acknowledging that the statute began to run on May 2, 2009, he argues that the statute was equitably tolled by the ongoing criminal proceedings. Relying on *Gibson v. Superintendent of N.J. Department of Law & Public Safety Division of State Police*, 411 F.3d 427 (3d Cir. 2005), Williams argues that under *Heck v. Humphrey*, 512 U.S. 477 (1994), he could not have filed the action until the criminal proceedings were terminated in his favor, and thus the statute of limitations was equitably tolled. This argument is foreclosed by *Wallace*, which held that the *Heck* rule does not apply to false arrest claims. 549 U.S. at 394-95. As we acknowledged in *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010), *Wallace* supplanted our decision in *Gibson*, and it controls here.

Williams's second argument relies on *Dique*. In *Dique*, we held that though *Wallace* supplanted *Gibson*, the discovery rule can still postpone accrual. 603 F.3d at 188. Accordingly, Williams argues that he could not have discovered the unconstitutional nature of the search until the April 11, 2011 suppression hearing. Under the discovery rule, however, the action accrued when Williams "discovered, or by exercise of reasonable diligence should have discovered, that he might have a basis for an actionable claim." *Id.* In *Dique*, we held that the plaintiff's selective enforcement claim did not accrue until 11 years after his arrest because he was initially stopped for speeding, and it was not until his attorney discovered documents outlining the selective enforcement practices that he could have known his stop was part of such a scheme.

4

Williams, on the other hand, knew of the potential for illegality of the arrest the same night. Williams stated that very night that he knew the identity of the CI, taunting the police officers that they would never get a conviction. The discovery rule therefore does not apply to these facts, as there was nothing new to discover.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.